Nash, J.
 

 The instructions given to the jnry were correct, on all the points embraced in his Honor’s charge. The action was in trover for the conversion of a negro woman named Louisa. After the testimony was closed, a motion was made in behalf of the defendants,thattheplaintiff should be called, because, at the time the defendants took the negro, she, the plaintiff, did not have the right of immediate possession. In other words, that the Court should so instruct the jury. This was properly refused. Whether the plaintiff was or was not entitled to the immediate possession of the slave, depended upon the facts, to which the jury alone were competent to answer. Louisa had been hired by the plaintiff to a man by the •name of Gibbs, for a few days, at whose house she- was when the defendants came after her. Gibbs, not being willing they should take her in the absence of the plaintiff, stated, he would send for her, and she would permit them to take her or not, as she thought proper. Upon her arrival and being informed of their purpose, she refused and took Louisa by the hand. The defendants took her from the plaintiff and carried her off. The question as to the plaintiff’s right of immediate possession depended upon the fact, whether Gibbs had parted with his posse - sion. The jury were instructed, that, if the evidence satisfied them, that Gibbs had surrendered his possession to the plaintiff before the defendants took the negro, she could maintain the action. The instruction was given in answer to the motion. The hiring by Gibbs was for no definite period of time, and. if it had been, he might, with the consent of the plaintiff have put an end to the contract
 
 *255
 
 and surrendered the possession at any time before the expiration of the period, for which he was to have her. The Court committed no error in refusing'the motion or in the instruction given.
 

 The jury were further instructed, that, although the conveyance from the plaintiff to the defendant, Ellis, was valid, if the plaintiff had had adverse possession of the negro for more than three years, previous to the conversion, she would be entitled to recover. Whether the plaintiff’s possession from the 1st of March 1843, to the 1st of December 1846. was adverse or not, was left to the jury, as a matter of fact. There can be no doubt of the correctness of this portion of the charge. The Statute of 1820, Rev. St. Ch. 65 Sec. IS, does not bar merely the action after three years adverse possession, but confers the title. So that such possession is not only a full answer to an action, but it is in itself a complete title to support an action, either to recover the property specifically, or damages for a conversion, or a trespass. It is similar in its operation to a seven years adverse possession of land, under color of title, under the act of 1715, except, that the possession of slaves need not be accompanied with any color of title.
 
 Powell
 
 v.
 
 Powell
 
 1 Dev. & Bat. Eq 380.
 

 In the last instruction no error is perceived. The bill of sale to the defendant,'Ellis, bore date in February 1841, and he remained in possession of the negro, until the 1st of March 1843, when she returned into the possession of the defendant and so remained until the 1st of December 1846, three years and nine months, working on her plantation, and, upon the application of the plaintiff, Ellis sent her clothes to her. From this fact and the others set out in the case, the jury were instructed, they were at liberty to presume a parol sale and delivery by Ellis to the plaintiff. This instruction was perhaps not necessary,-as the whole question as to the plaintiff’s title was embraced in that given upon the operation of the three
 
 *256
 
 years adverse possession of the plaintiff There is however no error in law in it.
 

 Per Curiam,
 

 Judgment affirmed.